IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL SULLIVAN,**<br>          **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **TEMPLE UNIVERSITY**<br>          **Defendant** | **NO.  11-7305** |

DuBois, J                                                                                              February 19, 2014

## M E M O R A N D U M

### I.   INTRODUCTION

Plaintiff, Daniel Sullivan, filed suit against defendant, Temple University, under the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA").  The case arises out of defendant's failure to hire plaintiff for the Community Oral Health Coordinator ("COHC") position at Temple's Dental School.  Presently before the Court is plaintiff's Motion in Limine to exclude documents created in relation to his interview for the COHC position.  For the reasons that follow, plaintiff's Motion in Limine is granted in part and denied in part.

### II.   BACKGROUND[1]

The facts of the case are set forth in detail in the Court's Memorandum and Order dated March 5, 2013 ruling on defendant's Motion for Summary Judgment and will only be included in this Memorandum to the extent necessary.

---

[1] The Court makes no findings of fact in the instant Memorandum.  Both parties must lay a proper foundation at trial for all facts referenced in this Memorandum.  The Court's ruling is without prejudice to the parties' right to seek reconsideration at trial if warranted by the facts and applicable law.

Plaintiff, age sixty, worked at Temple University for six years as a Project Manager at the Dental School.  Shortly after being hired as Dean of the Dental School, Amid Ismail eliminated plaintiff's position.  Before plaintiff's employment ended, defendant posted an opening for a Community Outreach Coordinator ("COC") position.  The position was new and included plaintiff's responsibilities as Project Manager in the job description.  Forty-six people, including plaintiff, applied for the position, but plaintiff was not selected for an interview.  Dean Ismail initially offered the position to Alexia Clarke, his former research assistant.

After plaintiff complained of age discrimination, Temple Human Resources rescinded the offer to Clarke after determining plaintiff should have received an interview for the COC position.  Dean Ismail then changed the job description and posted an opening for the position with a new title, Community Oral Health Coordinator ("COHC").  Dean Ismail prepared interview questions to be used by a four-person hiring committee.  Sixty-seven people, including plaintiff, applied for the position, and plaintiff was one of five applicants selected for an interview.  The hiring committee recommended two applicants for the position, Clarke and Asha Baldon.  Dean Ismail again offered the position to Clarke, who accepted.

Defendant seeks to offer in evidence three types of documents: (1) the notes of three members of the hiring committee, (2) a summary of the interviews prepared by the fourth committee member, and (3) an email sent to Dean Ismail containing the recommendation of the hiring committee.  The documents are offered to show that the hiring committee and Dean Ismail lacked discriminatory animus when deciding to hire Clarke for the COHC position rather than plaintiff.

The notes of the three committee members contain typewritten questions asked during the interview followed by a space for handwritten notes.  The handwritten portions of the notes

contain factual statements purportedly related to the answers given during each interview. However, most of the notes do not identify the note-taker or the interviewee, and the notes are repetitive and difficult to read.  The summary of the interviews is typewritten and contains factual statements and conclusions about the each applicant's qualifications.  The recommendation of the hiring committee is a four-paragraph email sent from one of the committee members to Dean Ismail summarizing the qualifications of the two recommended applicants.

## III.   DISCUSSION

Plaintiff argues that the notes, summary, and recommendation of the interview committee should be excluded as inadmissible hearsay evidence.  Hearsay is an out-of-court statement offered into evidence for the truth of the matter asserted. Fed. R. Civ. P. 801(c).

### A.  Recommendation of Hiring Committee

Defendant argues that the email containing the hiring committee's recommendation is not being offered in evidence to prove the truth of the matter asserted, that is, that Baldon and Clarke are the most qualified candidates for the position.  Rather, defendant argues that the email is offered to show Dean Ismail lacked discriminatory animus when deciding not to hire plaintiff. In support, defendant states that Dean Ismail relied on the committee's recommendation in offering the COHC position to Clarke and not plaintiff.  Def.'s Resp. to Pl.'s Mot. in Limine to Exclude Alleged Hearsay at 7; Temple Univ.'s Statement of Material Fact ¶ 101.

The Court concludes that the recommendation of the committee is not hearsay when offered as evidence of the persons recommended for the COHC position by the hiring committee.  When an employer such as Temple presents evidence of a non-discriminatory reason for taking an adverse action, "the factual dispute at issue is whether discriminatory animus

3

motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Keller v. Orix Credit Alliance*, 130 F.3d 1101, 1108–09 (3d Cir. 1997) (quoting *Fuentes v. Perski*, 32 F.3d 759, 765 (3d Cir. 1994)); *see also Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 332 (3d Cir. 1995) (quoting *McCoy v. WGN Cont'l Broad. Co.*, 957 F.2d 368, 373 (7th Cir. 1992)) ("[T]he inquiry is limited to whether the employer gave an honest explanation of its behavior."). However, before introducing the recommendation in evidence, defendant must lay a proper foundation at trial that Dean Ismail relied on it in offering the COHC position to Clarke. Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist.").

### B. Notes of Committee Members and Summary of Interviews

Defendant next argues that the notes of the committee members and the summary of the interviews are not hearsay because defendant seeks to admit the evidence only to show that the hiring committee lacked discriminatory animus. According to defendant, the absence of a discriminatory rationale for the decision in the notes and summary is unrelated to the truth of the statements in the document that each applicant had the qualifications asserted by the committee members. The Court rejects this argument and concludes that the documents are hearsay because they are offered for the truth of an implied assertion contained in the documents, that is, that the facts stated in the documents are the actual basis for the hiring committee's decision.

"[S]tatements containing express assertions may also contain implied assertions qualifying as hearsay [that are] susceptible to hearsay objections." *United States v. Reynolds*, 715 F.2d 99, 103–05 (3d Cir. 1983). Implied assertions arise when the declarant asserts something different than the matter to be proved, but the assertion, if true, is "circumstantial evidence of the matter to be proved." *Id.* at 103 (quoting D. Louisell & C. Mueller, *Federal*

4

*Evidence* 94 n.84 (1980)); *see also United States v. Boyd*, 640 F.3d 657, 664–65 (6th Cir. 2011) (stating that an implied assertion is hearsay when the probative value of the implied assertion turns on the truth of the matters asserted). The notes of the committee members and summary of the interviews, if true, are circumstantial evidence that the hiring committee actually relied on the facts stated in the documents. Thus, the Court concludes that defendant seeks to admit the notes and summary of the hiring committee for the truth of an implied assertion — that the facts stated in the notes and summary are the actual basis for the hiring committee's recommendation — and that the documents are hearsay. Accordingly, the documents must fall within a valid exception to the hearsay rule to be admissible at trial.

### C. Business Records Exception

Defendant argues that the notes and summary should be admissible under the business records exception. Business records of an act, event, condition or opinion are admissible when (1) "the record is made at or near the time by — or from information transmitted by — someone with knowledge"; (2) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling"; (3) "making the record was a regular practice of that activity"; (4) "all of these conditions are shown by the testimony of the custodian or another qualified witness, or by certification"; and (5) "neither the source of the information nor the method or circumstance of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6).

The Court concludes that the hiring committee members' notes and summary are not records made as a regular practice during defendant's interviews. Conducting an interview using different procedures "belies any finding of regularity." *Hook v. Regents of Univ. of Cal.*, 394 F. App'x 522, 530–31 (10th Cir. 2010) (finding interview notes from a whistleblower investigation were not admissible under the business records exception). There is no evidence that the

formation of a hiring committee in this case is defendant's regular practice. Significantly, defendant did not form a hiring committee when Dean Ismail originally posted the position. Ganem Dep. 100–01, Apr. 16, 2012. Rather, Temple Human Resources formed the committee *ad hoc* after plaintiff complained of age discrimination, Pl.'s Statement of Material Facts ¶¶ 66 & Resp., 72 & Resp., 83 & Resp., and Dean Ismail prepared the questions for the interviews, *id.* ¶ 77 & Resp. Thus, the committee members' notes and summary are not admissible as business records because the documents are not records kept as a regular practice of defendant.

### D. Present-Sense Impression

Although the notes and summary are not business records, they may still be admissible hearsay evidence if defendant lays a proper foundation at trial that the documents are a present-sense impression. The party seeking to offer a hearsay statement in evidence as a present-sense impression must establish three elements: "(1) the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narration; and (3) the declaration and the event described must be contemporaneous." *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir. 1998) (citing 5 J. McLaughlin, *Weinstein's Federal Evidence* § 803.03 (2d ed. 1997)). The Court addresses both pieces of evidence in turn.

#### i. Summary of the Interviews

The Court concludes that the summary of the interviews lacks the indicia of reliability necessary to be a present-sense impression, and, thus, the summary is inadmissible hearsay. Nothing in the summary suggests that the author wrote the document contemporaneously with or immediately after the interviews; rather, the summary bears the marks of careful editing and contains narration and comments purported to relate to the interviews. The time requirement to qualify as a present-sense impression is a strict one designed to assure reliability. *Mitchell*, 145

F.3d at 155–56 (noting that a statement made fifty minutes after an event pushes the bounds of reliability for a present-sense impression).  Thus, the Court concludes that the summary of the interviews is inadmissible on the present state of the record.

### ii.     Notes of the Committee Members

The Court concludes that the notes of the committee members reciting facts provided in the interviews are present-sense impressions, provided defendant lays a proper foundation at trial.  Statements in notes that are limited to the recital of facts learned during an event are present-sense impressions.  *United States v. Ferber*, 966 F. Supp. 90, 95–98 (D. Mass. 1997); *see also United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir. 1998) (finding anonymous note was not a presence-sense impression because could not verify declarant personally perceived event); *Cargill, Inc. v. Coag Cold Storage Warehouse, Inc.*, 71 F.3d 545, 554–55 (6th Cir. 1995) (finding notes taken during investigation were admissible as present-sense impressions). In this case, the committee members took notes during each interview, Pl.'s Statement of Material Facts ¶ 89 & Resp., and the format of the notes raises the inference that each committee member wrote down, by hand, the answers given by each applicant.  Thus, the statements in the notes that are recitals of facts are present-sense impressions if defendant lays a proper foundation at trial.

### E.  Multiple Hearsay

The notes of the hiring committee contain recitals of out-of-court statements given by the applicants for the COHC position, and, as such, constitute hearsay within hearsay.  "Hearsay within hearsay is not excluded . . . if each part of the combined statements conforms with an exception to the rule."  Fed. R. Evid. 805.  The Court concludes that only the notes taken during plaintiff's interview constitute admissible hearsay because plaintiff's statements are statements made by a party opponent.  Fed. R. Evid. 801(d)(2)(A).  Thus, the notes of the committee

7

members during plaintiff's interview are admissible subject to authentication and evidence of reliability. The notes of the committee members during the interviews of other applicants are inadmissible.

### F. Authentication and Reliability

The notes of committee members from plaintiff's interview cannot be introduced in evidence without calling the committee members — or another witness with knowledge — to authenticate the documents. Fed. R. Evid. 901 ("[T]he proponent must produce evidence sufficient to support a finding that the item is what that proponent claims it is."). The authors of the documents are not identified in the notes, and none of the notes are signed. The documents are repetitive, difficult to read, and lack indicia allowing the Court to determine which committee member wrote the notes and, largely, the candidate to whom the notes correspond. Thus, the committee members' notes, as presented in the motion papers, are not admissible in evidence without the testimony of the note-taker, or another witness with knowledge, to authenticate the documents.

Moreover, hearsay statements that are admissible as present-sense impressions but which present "reason to be skeptical of the documents," may be excluded unless the proponent of the evidence provides corroborating testimony. *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 303 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The Court makes no ruling on the reliability of the hiring committee's notes at this time. At trial, plaintiff is granted leave to seek reconsideration on this ground.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants that part of plaintiff's Motion in Limine seeking to exclude the summary of the interviews and the notes of the hiring committee written during the interviews of candidates other than plaintiff.  The Court denies that part of plaintiff's Motion in Limine seeking to exclude the recommendation of the hiring committee and the notes of the hiring committee written during plaintiff's interview, provided defendant lays a proper foundation at trial.  Both rulings are without prejudice to the right of either party to seek reconsideration at trial if warranted by the facts and applicable law.   An appropriate order follows.