IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL SULLIVAN,**<br>        **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **TEMPLE UNIVERSITY**<br>        **Defendant** | **NO.  11-7305** |

### O R D E R

**AND NOW**, this 19th day of February, 2014, upon consideration of Plaintiff's Motion in Limine to Exclude from Trial Inadmissible Hearsay (Document No. 36, filed July 16, 2013), Defendant's Response to Plaintiff's Motion in Limine to Exclude Alleged Hearsay (Document No. 39, filed August 1, 2013), Temple University's Statement of Material Facts (Document No. 12, filed August 13, 2012), and Plaintiff's Response to Defendant's Statement of Undisputed Facts and Counterstatement of Facts Precluding the Entry of Summary Judgment (Document No. 13, filed November 5, 2012), **IT IS ORDERED**, for the reasons stated in the accompanying Memorandum dated February 19, 2014, that Plaintiff's Motion in Limine to Exclude from Trial Inadmissible Hearsay is **GRANTED IN PART AND DENIED IN PART**, as follows:

1.      That part of plaintiff's Motion in Limine seeking to exclude (1) the notes of hiring committee members taken during the interviews of candidates other than plaintiff, and (2) the summary of the interviews prepared by the fourth committee member, is **GRANTED**; and

2.      Plaintiff's Motion in Limine is **DENIED** in all other respects; specifically, (1) the recommendation of the hiring committee is admissible in evidence at trial subject to the proviso that defendant show at trial that Dean Amid Ismail relied on the committee's recommendation in deciding not to hire plaintiff in favor of Alexia Clarke, and (2) the notes of the hiring committee taken during plaintiff's interview are admissible in evidence at trial subject to the proviso that

2

defendant show at trial that the statements sought to be offered in evidence are a recitation of plaintiff's answers, that the committee member personally witnessed the plaintiff's answers, and that the notes were written contemporaneously with the interview.

   **IT IS FURTHER ORDERED** that the Court's ruling is **WITHOUT PREJUDICE** to the parties' right to seek reconsideration if warranted by the evidence at trial and applicable law.

              **BY THE COURT:**

                /s/ Hon. Jan E. DuBois
                **DuBOIS, JAN E., J.**